# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIANE ROEBUCK, | ) | CASE NO. 5:13 CV 2816 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SUMMIT COUNTY DEPT. OF | ) | AND ORDER |
| JOBS AND FAMILY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Diane Roebuck filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, against the Summit County Department of Jobs and Family Services ("the County").  She filed an Amended Complaint on January 13, 2014.  (ECF No. 3). In the Amended Complaint, Plaintiff alleges she was wrongfully terminated from her job after she "suffered an injury to her eardrum." (ECF No. 1 at ¶ 2).  She seeks $ 5,000,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2).  That Application is granted.

## I.      Background

Plaintiff's Amended Complaint is very brief.  She claims she was employed by the County as a "revolving telephone receptionist."  (ECF No. 3 at ¶ 2).  She states she "suffered an injury to [her] eardrum from a loud noise on the phone" while performing her job.  (ECF No. 3 at ¶2).  She contends her injury prevented her from being able to perform the "telephone task job."  (ECF No.

3 at ¶2).  She states she asked to be assigned other duties but the County did not grant her request. She indicates she was terminated from employment on March 21, 2013.  She asserts that the County violated the ADA.

## II.       Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers

-2-

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.    Analysis

Plaintiff fails to state a claim for relief under the ADA.  The ADA, prohibits employers "from discriminating against a qualified individual with a disability because of his or her disability in employment matters, such as hiring, advancement, and discharge." *Regan v. Faurecia Auto Seating, Inc.*, 679 F.3d 475, 479 (6th Cir. 2012).  Both "disability" and "qualified individual" require further definition.

Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual.  42 U.S.C. § 12102(1)(A).  "Major life activities" include, among others, "walking," "lifting," and "bending." 42 U.S.C. § 12102(2)(A).  To determine whether an individual is "substantially limited" in a major life activity, the Court should consider:

> (i) The nature and severity of the [claimant's] impairment;
> (ii) The duration or expected duration of the impairment; and
> (iii) The permanent or long term impact, or the expected permanent
> or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2).  The Supreme Court has stated that the terms "substantially limits" and "major life activity" must be "interpreted strictly to create a demanding standard for qualifying as disabled." *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002). Any impairment that only moderately or intermittently prevents an individual from performing major life activities is not a substantial limitation under the ADA.  *Mahon v. Crowell*, 295 F.3d 585, 590–91

(6th Cir. 2002). A plaintiff must show that she is "significantly restricted in [the] ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person with comparable training, skills and abilities." *McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir. 1997)(quoting 29 C.F.R. § 1630.2(j)(3)(i)). The "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id*.

A "qualified individual with a disability" is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" 42 U.S.C. § 12111(8). An individual is "otherwise qualified" for a position when that individual "can perform the essential functions[,]" or "fundamental job duties" of the position. 42 U.S.C. § 12111(8); *Johnson v. Cleveland City School Dist.*, No. 10-3267, 2011 WL 5526465, at *8 (6th Cir. Nov. 15, 2011); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 456 (6th Cir. 2004). If a plaintiff cannot show that she can perform the essential functions of a given position with or without an accommodation, she is not a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111(8), and accordingly fails to make out a prima facie case of discrimination. The ADA does not demand that an employer exempt a disabled employee from an essential function of the job as an accommodation.

Plaintiff alleges two instances of discrimination in violation of the ADA. First, she alleges the County failed to accommodate her disability. Second she alleges the County violated the ADA by terminating her employment.

### 1. Failure to Accommodate

An employer discriminates against an otherwise qualified individual on the basis of a disability when they do not make "reasonable accommodations to the known physical or mental

limitations" of the individual unless the employer can demonstrate that the accommodation would "impose an undue hardship on the operation" of its business.  42 U.S.C. § 12112(b)(5)(A).  A failure to accommodate claim "unavoidably 'involve[s] direct evidence (the failure to accommodate) of discrimination' because the employer necessarily relied on the worker's disability in making decisions."  *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868-69 (6th Cir. 2007).  Plaintiff therefore bears the burden of showing that she "(1) has a disability, and (2) is otherwise qualified for the position, either (a) without accommodation from the employer; (b) with an alleged essential job requirement eliminated; or (c) with a proposed reasonable accommodation."  *Id.* at 869.

Plaintiff must also establish that she "requested and was denied" a reasonable accommodation.  *Burns v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247, 258-59 (6th Cir. 2000). Plaintiff's burden includes showing both that she proposed an accommodation and that the proposed accommodation was reasonable. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010) (citation omitted).  The employer has no duty to provide a reasonable accommodation until Plaintiff requests one.  *Breitfelder v. Leis*, No. 04-4364, 2005 WL 2470996, at *6 (6th Cir. Oct. 7, 2005)(no failure to accommodate when Plaintiff remained silent).  To properly request a reasonable accommodation, Plaintiff need not use any "magic words," like accommodation, disability, or ADA. *Smith v. Henderson*, 376 F.3d 529, 535 (6th Cir. 2004)).  Plaintiff must, however, tie the request, in context, to her existing medical restrictions.  *Id.*

Reasonable accommodations include "making existing facilities ... readily accessible to and usable by individuals with disabilities;" and "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision

-5-

of qualified readers or interpreters, and other similar accommodations[ .]" 42 U.S.C. § 12111(9). "In determining whether an accommodation is reasonable, the employer must consider (1) the particular job involved, its purpose, and its essential functions; (2) the employee's limitations and how those limitations can be overcome; (3) the effectiveness an accommodation would have in enabling the individual to perform the job; and (4) the preference of the employee." *Keever v. City of Middletown*, 145 F.3d 809, 812 (6th Cir. 1998) (citing 29 C.F.R. § 1630.9(a), appendix).  An employer does not fail to provide a reasonable accommodation, however, when there is more than one accommodation, and the employer chooses "[a] less expensive accommodation[,][an] accommodation that is easier to provide [,]" *Hankins v. The Gap, Inc*., 84 F.3d 797, 800 (6th Cir. 1996), or an accommodation other than the accommodation that the employee prefers. *Trepka v. Bd. of Educ*., No. 00–4063, 2002 WL 104801, at *3 (6th Cir. Jan. 24, 2002).  Furthermore, the ADA does not require an employer to create a new position in order to accommodate a disabled employee, displace existing employees from their positions, violate other employees' rights under a collective bargaining agreement or other non-discriminatory policy, or to shift an essential job function onto others in order to accommodate a disabled individual.  *Hoskins v. Oakland County Sheriff's Dept*., 227 F.3d 719, 729 (6th Cir. 2000); *E.E.O.C. v. Sharp Mfg. Co. of America, Div. of Sharp Electronics Corp.,*  534 F.Supp.2d 797, 805 (W.D. Tenn. 2008); *Gruener v. Ohio Cas. Co.,* 416 F.Supp.2d 592, 600 (S.D. Ohio 2005).

In this case, Plaintiff's claim fails at the outset because she provides no information about her disability.  She states only that she injured her eardrum from a loud noise on the telephone. (ECF No. 3 at 1).  While Plaintiff is not required at this stage to establish to a legal certainty that she is disabled under the ADA, she must allege enough facts to allow the Court to draw the reasonable

-6-

inference that she is disabled. *Iqbal*, 556 U.S. at 678. Where, however, "the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.*; Fed. R. Civ. P. 8(a)(2). Determining whether a Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The description of an injury that Plaintiff provides is so vague that it would encompass everything from mild temporary discomfort to permanent hearing loss. Plaintiff's broad and all-encompassing allegation does not cross the threshold from a claim is that possible to a claim that is plausible under the ADA.

In addition, Plaintiff states in her Complaint that she cannot perform the essential functions of her job as a telephone receptionist. As an initial matter, it is unclear why she is unable to perform the essential function of her job. Even is the Court assumes her injury substantially impaired her hearing in one of her ears, which Plaintiff does not indicate in her Complaint, she provides no explanation of why she could not answer the telephone using her other ear or how this injury prevented her from performing the main function of her telephone receptionist job. Nevertheless, an admission by a plaintiff that she cannot perform an essential function of her job without accommodation "negate[s] the qualified individual element" of an ADA claim. *Townley v. Blue Cross & Blue Shield of Mich.*, 254 F.Supp.2d, 661, 666 (E.D.Mich.2003). As explained by the Sixth Circuit:

> If a claimant cannot show that she can perform the essential functions of a given position with or without an accommodation, she is not a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111(8), and accordingly fails to make out a prima facie case of discrimination. The ADA does not demand that an employer

-7-

> exempt a disabled employee from an essential function of the job as an accommodation. What [Plaintiff] requests is not an accommodation, but rather an exemption and, as such, does not survive the threshold determination of whether she is a "qualified individual with a disability.

*Brickers v. Cleveland Bd. of Ed.*, 145 F.3d 846, 850 (6th Cir. 1998) (internal citations omitted); *see also Plant v. Morton Intern., Inc.*, 212 F.3d 929, 937 (6th Cir. 2000) (Plaintiff was "not 'otherwise qualified'... because by his own admission he could not perform the essential functions of the job"), *Conners v. SpectraSite Commc'ns*, 465 F.Supp.2d 834, 856-57 (S.D. Ohio 2006) (Plaintiff's "own admissions from his deposition 'negate the qualified individual element' of his ADA claim"), *Winters v. Crittenden County Bd. of Ed.*, 2006 WL 228918, at *3 (W.D. Ky. 2006) ("plaintiff's sworn assertion in an application for disability benefits that she is ... 'unable to work' will appear to negate an essential element of her ADA case"). Plaintiff contends that she could not perform the "telephone task job," which is an essential function of a revolving telephone receptionist. Plaintiff cannot establish that she was a "qualified individual with a disability" under the ADA. *Brickers*, 145 F.3d at 850.

Furthermore, Plaintiff contends she asked to be assigned "other duties" as an accommodation. She does not indicate what these other duties were, whether they involved moving to a different position, or whether there was a vacant position for which she was qualified that would encompass those "other duties." While a reasonable accommodation under the ADA may include reassignment to a vacant position if Plaintiff was qualified for that position, *Kleiber*, 485 F.3d at 869, the County is not required to create a new position with the job description Plaintiff desires, displace existing employees from their positions so Plaintiff can have their jobs, violate other

employees' rights under a collective bargaining agreement or other non-discriminatory policy, or to shift an essential job function onto others in order to accommodate her. *Hoskins*, 227 F.3d at 729; *Sharp Mfg. Co. of America,* 534 F.Supp.2d at 805; *Gruener,* 416 F.Supp.2d at 600. Her claim for denial of an accommodation is not supported by enough facts to suggest she may have a plausible claim.

## 2.  Discriminatory Discharge

For similar reasons, Plaintiff fails to state a claim for discriminatory termination of employment. To establish discriminatory discharge, the ADA requires the Plaintiff to show: (1) that she is disabled; (2) that she is qualified and able to perform the essential functions of the job; and (3) that the employer took an adverse action, termination, against her because of her disability. *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012) (en banc). To meet the third requirement, Plaintiff must establish that her disability was a but-for cause of the adverse action. *Id.*

Again, while Plaintiff need not prove her *prima facie* case in her Complaint, she is still obligated to allege facts from which an inference can be drawn that all the material elements of her claim can be proven. The Complaint falls well short of meeting those pleading standards. As stated above, she does not provide sufficient facts to suggest she has a disability under the ADA or that she is otherwise qualified to perform the essential functions of her telephone receptionist job. Moreover, Plaintiff does not allege facts to suggest she was terminated because of her disability. In fact, Plaintiff does not state why she was terminated. Absent factual allegations elaborating on the injury or injuries she sustained, or the reason she was terminated from her employment, Plaintiff has not stated sufficient facts to suggest that she would not have been terminated from her employment but

-9-

for her disability.

## IV.     Conclusion

     Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

     IT IS SO ORDERED.

Date: May 30, 2014                      */s/ John R. Adams*
                                      JOHN R. ADAMS
                                      UNITED STATES DISTRICT JUDGE

---

[1]     28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.